DIEBOLD SAFE & LOCK COMPANY, PLAINTIFF IN ERROR,
v. LUQUEER, DEFENDANT IN ERROR.

APPELLATE PRACTICE.
The findings of the court below, being warranted by testimony, its
judgment is affirmed.

*Error to the County Court of Pueblo County.*

Mr. H. P. VORIES, for plaintiff in error.

Messrs. ARRINGTON & MCALINEY, for defendant in error.

REED, J., delivered the opinion of the court.

Plaintiff in error was a foreign corporation engaged in the
manufacture of safes, locks, etc., selling its wares through
agents at different points.   One Daniel Wood was acting as
agent at Pueblo.   Defendant in error was 'engaged in the
business of hauling, handling and transferring goods.   In
the conduct of such business he sometimes advanced for the
consignee freight charges, took the bills of lading, delivered
the goods to the consignee and presented the freight bills for
collection.   He handled the goods of plaintiff in error con-
signed to Wood for a long time.   Wood died and after his
death defendant in error claimed a balance of about $50.00
due from plaintiff of which about $30.00 was for hauling and
transferring goods from railroad to Wood, consignee, and
$20.00 for money advanced for freight remaining unpaid.
Suit was brought by attachment and the writ levied upon a
safe of plaintiff, remaining of the stock sent to Wood.   The
case was tried to the court without a jury, judgment for plain-
tiff below (defendant in error), for $50.55.

It is contended that Wood was not the agent of plaintiff
in error but the sub-agent appointed by the general agents'
in Denver.   Evidence in regard to the agency was conflict-

ing. The goods were shipped from the factory of the plaintiff in error, in Ohio, direct to Wood as consignee. The goods remaining after· the death of Wood were claimed as the goods of plaintiff. The bill of defendant in error grew out of advances for freight and handling the goods; the correctness of the bill was not seriously questioned. The court . found that Wood was the agent of the plaintiff and was warranted in so finding. The proceeding being an attachment of the same goods on which the charges accrued, they should have been subjected to its payment regardless of whose agent Wood was, leaving the manufacturer and the general agent to adjust matters. There was sufficient evidence in the manner of doing business to warrant the finding of the agency, and subjecting the property to the payment of its own expenses.

It is also claimed that, admitting the agency, the agent had no authority to borrow money ($20.00 advanced as freight). There was no borrowing, the money was advanced directly in the line of business in delivering the goods to the consignee in accordance. with the shipping bill of the plaintiff.

Several errors are assigned but they are technical and cannot affect the result. The judgment must be affirmed.

*Affirmed.*